IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LYDIA MARIE NELSON                                                                              PLAINTIFF

V.                                                  NO. 14-5114

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Lydia Marie Nelson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for Child's Insurance Benefits and Supplemental Security Income based on disability referencing her father and mother as wage earners under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff, who was born in 1990, protectively filed her current applications on June 7, 2011, alleging an onset of disability on January 8, 2011, due to arthritis, fibromyalgia, depression, and social anxiety. (Tr. 12, 211-224, 239). The ALJ considered the applications together. (Tr. 12). An administrative hearing was held on July 30, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 52-79).

By written decision dated October 26, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - fibromyalgia, dysthymic disorder, generalized social phobia, and personality disorder NOS. (Tr.

15). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the work is limited to simple, routine, and repetitive tasks; involving only simple, work-related decision; with few, if any, workplace changes; and no more than incidental contact with co-workers, supervisors, and the general public.

(Tr.17). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would be able to perform the jobs of housekeeper and machine tender. (Tr. 22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on February 5, 2014. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.  Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnard, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnard, 314 F.

3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the

national economy given her age, education, and experience. See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

### III. Discussion:

Plaintiff raises the following issues in this matter: 1)The ALJ erred in disregarding the opinions and findings of a primary treating physician; 2) The ALJ erred in failing to consider all of the Plaintiff's impairments in combination; 3) The ALJ erred in his credibility analysis; and 4) the ALJ erred in his RFC determination. (Doc. 11).

#### A.  Consideration of Plaintiff's Impairments in Combination:

In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'"  (Tr. 13).  He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. (Tr. 13).  The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings. (Tr. 14). The ALJ concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments. (Tr. 15). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011

(8th Cir. 2005).

Based upon the foregoing, the Court finds there is substantial evidence to support the fact that the ALJ considered all of Plaintiff's impairments individually, and in combination.

### B.    Credibility Analysis:

Plaintiff argues that the ALJ disregarded her subjective complaints of pain. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In this case, the ALJ found that Plaintiff's allegations regarding the severity of her impairments were inconsistent with the objective medical evidence. (Tr. 18). Although he found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, he concluded that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to a certain extent. (Tr. 18). The ALJ considered Plaintiff's daily activities, finding that she had mild restrictions. (Tr. 15). The ALJ noted that Plaintiff was able to help care for her two year old brother, prepare him food, bathe him, play with him and put him to bed. (Tr. 15). He also noted that Plaintiff helped care for the

cats, was able to shower and prepare simple meals, perform light cleaning, do laundry, and wash dishes occasionally. (Tr. 16). Plaintiff also testified that she went shopping for groceries with her boyfriend on occasion. (Tr. 16). Plaintiff indicated that she had several friends with whom she communicated, did art projects, read, watched television, sewed occasionally, and played computer games. (Tr. 16).

Dr. Terry Eford, in his Mental Diagnostic Evaluation dated August 2, 2011, reported that Plaintiff's ability to perform activities of daily living were described as impaired to some extent by only the physical problems; that she could communicate and interact in a reasonably socially adequate, intelligible, and effective manner; and had no remarkable problems with attention, concentration, persistence, or mental pace of performance. (Tr. 16). The ALJ addressed the fact that she was not taking any medications and that her physicians did not prescribed her pain medications for her fibromyalgia at 16 years old because she was too young. (Tr. 18).

The ALJ also addressed the findings of Dr. C.R. Magness, who conducted a General Physical Examination on August 15, 2011. (Tr. 347). The ALJ concluded that although Dr. Magness concluded that Plaintiff had mild to moderate severe limitations, there was a lack of medical evidence showing her past treatment for fibromyalgia, and that the medical evidence showed that she was still able to work in some capacity. (Tr. 18).

The record also reflects that Plaintiff was non-compliant with recommended courses of treatment, including dropping out of group therapy. (Tr. 20, 315). In addition, Plaintiff did not require emergency room visits for her fibromyalgia pain or receive in-patient psychiatric treatment for her mental impairments.

Based upon the foregoing, as well as for those reasons given in Defendant's well-stated

brief, the Court finds there is substantial evidence to support the ALJ's credibility analysis.

### C. RFC Determination and Weight Accorded Treating Physician Opinion:

Plaintiff argues that the ALJ erred in disregarding the opinions and findings of Stanley Rest, Ph.D., Ozark Guidance, who completed a Medical Source Statement of Ability to do Work-Related Activities (Mental) on July 29, 2012. (Tr. 371-372). Plaintiff also argues that ALJ erred when he determined she could perform a limited amount of light work.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In this case, Dr. Rest found that Plaintiff had marked impairments in her ability to understand and remember short, simple instructions, in her ability to carry out short, simple instructions, and in her ability to respond appropriately to work pressures in a usual work setting, and in her ability to respond appropriately to changes in a routine work setting. (Tr. 371, 373).

AO72A
(Rev. 8/82)

Dr. Rest also found that Plaintiff had extreme impairments in her ability to understand and remember detailed instructions, in carrying out detailed instructions, and in the ability to make judgment on simple work-related decisions. (Tr. 371).

In his decision, the ALJ addressed Dr. Rest's opinion and gave it little weight, because Plaintiff testified that she had only seen him a couple of times and the visit usually lasted approximately 40 minutes. (Tr. 21). The ALJ also noted that Dr. Rest wrote that Plaintiff was doing fair and had a good prognosis at previous visits, and that "even basing Dr. Rest's assessment solely on the records that include the claimant's treatment with him, there is no support for such limitations." (Tr. 21).

The record also reflects that on July 26, 2011, when Plaintiff was seen by Retha Gregory, LPC, of Ozark Guidance, Plaintiff was reported as presenting in "quite a dramatic fashion, with a cane, and affect of pain and exhaustion (However, at end of session, her 2 year old brother ran up to her and her mobility and her affect became more positive and outgoing." (Tr. 314).

The ALJ discussed the opinion of Dr. Efird, giving it great weight, because he personally examined the claimant, he has specialized knowledge in diagnosing mental impairments, and the assessment was consistent with the objective medical evidence. (Tr. 20).

Based upon the foregoing, as well as those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's RFC determination and the weight he gave to the various opinions.

### D. Hypothetical Question Posed to the VE:

At the hearing, the ALJ presented the following hypothetical to the VE:

Q: Ms. Moore, let me ask you to consider someone of the claimant's same age, education, and work experience, which obviously is none in this case,

> who can do light work, work that's limited to simple, routine, and repetitive task, involving only simple work-related decisions with few if any workplace changes and no more than incidental contact with coworkers, supervisors, and the general public. Is there any jobs available for an individual with those limits?
>
> A: Yes, sir, there are jobs. One example would be housekeeper...
>  There are machine tender jobs....

(Tr. 73-74). The Court finds that the hypothetical the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the VE's responses to the hypothetical questions posed by the ALJ constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing the jobs of housekeeper and machine tender. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.   Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 16th day of April, 2015.

/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)